

AXLEY BRYNELSON, LLP

• • • • • •

LORI M. LUBINSKY
llubinsky@axley.com
608.283.6752

May 6, 2019

**VIA E-MAIL**

Attorney Timothy A. Provis
123 East Beutel Road
Port Washington, WI 53074

RE:   *Timothy Upchurch v. Timothy M. O'Brien, et al.*
      Western Dist. Case No. 19-cv-00165
      Our File: 24547.82195

Dear Mr. Provis:

We are serving this letter pursuant to the "safe harbor" provisions of Fed. R. Civ. P. 11. Based on our investigation, we have concluded that the claims you filed on behalf of Timothy Upchurch against Timothy and Margaret O'Brien are frivolous. If Mr. Upchurch does not voluntarily dismiss his claims against the O'Briens with prejudice within 21 days of this letter, we will file the enclosed Motion for Rule 11 Sanctions, along with the supporting brief and affidavits, as well as a Motion to Dismiss.

Your claims against the O'Briens are not warranted by existing law or fact. At the outset, it is clear that your Complaint does not satisfy the elements of a RICO cause of action against the O'Briens. First, Mr. Upchurch was never the owner of any real property at any time material hereto. Therefore, he suffered no injury to real property as a result of the allegations in his Complaint. Second, his claim for damages for costs incurred in defending himself against criminal prosecution is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Third, insofar as Mr. Upchurch's claim of "racketeering activity" is premised upon 18 U.S.C. 1503, he fails to allege any unlawful influence or injury to any juror or officer in a federal court or before a federal magistrate. Fourth, your client fails to allege any prohibited conduct because he does not allege (nor could be) that the O'Briens engaged in conduct of the alleged enterprise's affairs or activities that affect interstate or foreign commerce. Fifth, insofar as his claim of "racketeering activity" is premised on Wis. Stat. § 943.30(1), Mr. Upchurch cannot establish the elements necessary to bring a claim under said statute. Finally, Mr. Upchurch's Complaint fails to rise to the level of plausibility required by *Limestone Development Corp. v. Village of Lemont, Ill.*, 530 F.3d 797 (7th Cir. 2008).

Furthermore, the Complaint is wrought with factual inaccuracies that would be discoverable with any reasonable amount of due diligence. Mr. Upchurch's allegations against the O'Briens are completely devoid of evidentiary support. For example, at the most basic level, the Complaint is premised on the allegation that Mr. Upchurch held a deed in his name with easement rights to access Catfish Lake by crossing the O'Briens' property. In fact, Mr. Upchurch was never the owner of any real property with such easement rights. Mr. Upchurch was a tenant for a period of time at a property located at 1125

PO Box 1767• Madison WI 53701-1767• 2 East Mifflin Street• Suite 200• Madison WI 53703• 608.257.5661• 800.368.5661• Fax 608.257.5444• www.axley.com

Affidavit of Atty. Jennifer M. Luther
in Support of Rule 11 Motion for Sanctions
EXHIBIT 15

AXLEY BRYNELSON, LLP

• • • • • •

May 6, 2019
Page 2

Cranberry Shores Road, Eagle, River, Wisconsin. The owner of this property was, in fact, the Weiland Family Trust.

By way of further example, the Complaint alleges that Defendants Sheriff Fath and District Attorney Moustakis failed to provide Mr. Upchurch's counsel with a recording or transcript of a certain interview with Deputy Sheriff Neff. Yet, Mr. Upchurch claims Defendants made this evidence available to Mr. O'Brien for use against Mr. Upchurch in the criminal proceeding. The court records establish these allegations are patently untrue. Mr. O'Brien requested a copy of Deputy Neff's recorded interview with Mr. Upchurch by making an open records request, which he had every right to do. Furthermore, Mr. O'Brien did not "use" this recording against Mr. Upchurch in a criminal prosecution. Mr. O'Brien was not a party to the State's criminal prosecution against your client. Thus, it is nonsensical to allege that he "used" anything against Mr. Upchurch. In addition, the court records document that Mr. Upchurch sought to introduce this recording in his criminal prosecution as "crucial to the case." However, the court concluded otherwise, and excluded this evidence. Therefore, nobody "used" this evidence against Mr. Upchurch.

In addition, the Complaint alleges that in May of 2016, Mr. Upchurch's criminal attorney mysteriously withdrew from the case after being visited by Defendants Schneider and Lucareli. Again, the transcript from the criminal proceeding held on May 12, 2016, shows that this allegation is simply untrue. In fact, at this hearing Mr. Upchurch fired his attorney, Mr. Penn, at 7:00 a.m. on the morning of his scheduled sentencing hearing.

It is clear your client's sole goal in filing this nonsensical lawsuit is to carry on his campaign of harassment and intimidation against our clients. Your client has a well-documented history of engaging in disturbing behavior. I suspect that upon your review of the enclosed materials, you will find yourself as alarmed and unsettled by your client's actions as we were when we reviewed the factual background of this case. Without a doubt, this case fits squarely within the "improper purpose clause" of Fed. R. Civ. P. 11.

Finally, please ensure your client understands his obligations to maintain and not destroy evidence, including electronic evidence. That obligation includes his communications with others relating to this lawsuit. As you know, the rules of civil procedure allow for the discovery of evidence, including electronic evidence. We have reason to believe your client has engaged in electronic communications with an intent to harass and dissuade one or more persons to testify in this case. Such conduct violates 18 U.S.C. § 1512, and may subject your client to criminal penalties. Accordingly, as an officer of the Court, we ask that you direct your client to comply with his obligations to preserve evidence so that, if this case proceeds, we can evaluate whether your client has violated 18 U.S.C. § 1512.

As we are sure you understand, the purpose of serving you with this Notice of Rule 11 Motion is to commence the 21-day consideration period under Rule 11 in an effort to avoid the substantial attorneys' fees and costs incurred in continuing to defend this matter. Our Answer deadline is currently May 16, 2019. We propose extending our Answer deadline by one week past the 21-day consideration period, to June 3, 2019. This will allow you and your client the full consideration period without exposure to additional attorneys' fees and costs associated with us preparing our responsive

AXLEY BRYNELSON, LLP

• • • • • •

May 6, 2019
Page 3

pleading. Please advise if you are agreeable to this approach. If so, I will file an Unopposed Motion for Extension of Time to File Answer with the Court.

We will file the Rule 11 Motion after the 21-day waiting period unless we receive your signature on a Stipulation and Order for Dismissal with prejudice as to Timothy and Margaret O'Brien. If there is any further information that we can provide to you to evaluate this Rule 11 Motion, please let us know.

Sincerely,

AXLEY BRYNELSON, LLP

Lori M. Lubinsky
Jennifer M. Luther

Enclosures

cc: Timothy and Margaret O'Brien (via e-mail w/encl.)