UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

TIMOTHY J. UPCHURCH
1349 East Bass Lake Road
Eagle River, WI 54521,

                              Plaintiff,

v.                                                                            No. 3:19-cv-165-wmc

Atty. TIMOTHY M. O'BRIEN, *et al.*,

                              Defendants.

_____

PLAINTIFF UPCHURCH'S OPPOSITION TO DEFENDANTS OBRIENS'

MOTION FOR RULE 11 SANCTIONS

_____

To: Court and Counsel

Introduction

    Congress "express[ly] admoni[shed] that RICO is to 'be liberally construed to effectuate its remedial purposes.'" *Sedima v. Imrex Company, Inc.*, 473 U.S. 479, 498, 105 S.Ct. 3275 (1985). "The statute's 'remedial purposes' are nowhere more evident than the provision of a private action for those injured by racketeering activity." 473 U.S. at 498. "[I]t is in this spirit that *all* of the Act's provisions should be read." *Id.*, emphasis added.

    Furthermore, "[u]nder the notice pleading system adopted by the Federal Rules of Civil Procedure, the plaintiff and his counsel are not required to know *all* the facts before they file a complaint; it is the purpose of discovery to fill in the details." *Beeman v. Fiester*, 852 F.2d 206, 211-212 (7th Cir.1988), emphasis added. And see Rule 8(a).

    Defendants O'Brien claim Rule 11 sanctions are justified for multiple reasons. Counsel considers each in turn below.

    1) O'Briens claim plaintiff Upchurch has no standing because he had never had title to real property with easement rights. ECF 37 at 12, 1st ¶.

1

As counsel points out in his declaration, it is true the deed under which Mr. Upchurch exercised easement rights was not in his name, but it was in the name of the his wife's family trust. Mrs. Upchurch is a trustee of the Weiland family trust and her father is the executor of the trust. The complaint properly alleges in the Introduction, ECF 1, ¶1, 2d ¶, all of the persons buying the guest cottages from The Everett resort were granted an easement running with the land for "access across the resort to Catfish Lake." The trust's deed was, of course, in this chain of title and Mr. and Mrs. Upchurch were entitled by the trust to use the easement. See Declaration of Atty. Provis, ¶5. Thus, plaintiff has standing to claim injury under RICO.

Furthermore, when proximate cause is shown, a RICO plaintiff may claim attorney's fees expended in other litigation as damages. *Ocean Energy II v. Alexander & Alexander*, 868 F.2d 740, 746-748 (5th Cir.1989). *Cf. Haroco v. American Nat'l Bank & Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984)(adopting proximate cause rule).

2) O'Briens claim plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF 37 at 12, 2d ¶.

O'Briens rely on an unpublished case for this claim which is factually distinguishable and they fail to state the proper test. The test was stated in *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir.1996)("Under Heck, it is essential to determine whether the conduct complained of had an effect on the custody; if not, the damages action can proceed.")

Considering that test, the only relevant act in the complaint is in ¶15 wherein plaintiff alleges evidence was withheld. This could have been a violation of the rule of *Brady v. Maryland*, 373 U.S. 83 (1963) had the issue been raised. Even assuming the *Brady* tests, *i.e.*, the evidence was favorable to the accused and material to guilt or punishment, were met, the only remedy would be for the evidence to be turned over to defense which finally happened anyway. So this did not have any effect on custody. As for whether there could be any future effect on the conviction from a decision favoring plaintiff here, Mr. Upchurch's deadline to file an appeal expired years ago and he cannot now file any postconviction motion because he already filed one and so is barred by the rule of *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994). He can have no federal habeas review of his conviction because, since he filed no appeal, he cannot exhaust state remedies and even if he could, the one year time limit for filing expired years ago.

Therefore, a favorable decision here can have no effect on Mr. Upchurch's custody and the *Heck* bar does not apply. *Cf. Simpson v. Rowan*, 73 F.3d 134 (7th Cir.1995)(where prisoner claimed 4th Amendment damages in 1983 action, *Heck* did not bar them).

3) O'Briens claim 18 U.S.C. §1503 cannot be a basis for a racketeering claim here.

Counsel must concede this.

4) O'Briens claim there is no proper allegation of interstate commerce in the complaint. ECF 37 at 13.

The rule followed by the circuits is " 'even a minimal effect on interstate commerce satisfies this jurisdictional element.' " *U.S. v. Muskovsky*, 863 F.2d 1319, 1325 (7th Cir.1988)(quoting *U.S. v. Bagnariol*, 665 F.2d 877, 892 (9th Cir.1981) with approval). See generally Gregory P. Joseph, CIVIL RICO (5th ed.2018), §11 F. at 207-208 (collecting cases following majority rule that only "slight" effect on commerce is required), hereinafter Joseph. *Muskovsky, supra,* notes that telephone use is alone sufficient to establish this element as is purchasing supplies from out-of-state companies. 863 F.2d at 1325. See also, *U.S. v. Robertson,* 514 U.S. 669, 670-672, 115 S.Ct. 1732 (1995)(where gold mine bought supplies from out of state this was sufficient to show nexus with interstate commerce).

Thus, the O'Briens' ownership of the Everett resort is sufficient to allege the interstate commerce element as use of the telephone and/or buying supplies from out of state were doubtless done by the Resort. Anyway, counsel expects to confirm this with evidence provided in discovery.

The O'Briens continue on and claim predicate acts by them had no nexus with interstate commerce. ECF 37 at 13-14.

But "[t]he statute requires that the activity of the Enterprise, *not* each predicate act of racketeering, have an effect on interstate commerce." *U.S. v. Rone*, 598 F.2d 564, 573 (9th Cir.1979)(citing *U.S. v. Nerone*, 563 F.2d 836, 852-854 (7th Cir.1977) for authority), emphasis added. So, again the interstate commerce allegation of the complaint is sufficient.

5) O'Brien's claim §943.03(1), *Wis. Stats.*, cannot be a basis for racketeering because plaintiff had no right to use the easement.

Counsel's declaration as described above in 1) explains there is evidence to show plaintiff's rights to the easement. As to whether a court declaration he had those rights was necessary before he could exercise them, O'Briens cite no case finding use of an easement depends on it first being declared lawful. This whole case is about the O'Brien enterprise, which, instead of seeking a court judgment finding the easement did not exist, blocked it to prevent its lawful use by all the residents whose chain of title included the easement and used the D.A. and the courts to support its unlawful actions.

3

6) O'Briens claim not enough "factual detail and argument" supports the complaint to make it plausible. ECF 37 at 15-18.

First of all, there is no requirement a complaint contain any argument. All that is necessary under notice pleading is a "short and plain statement of the claim." O'Briens do not cite any case holding otherwise.

O'Briens then rehash the claim as to plaintiff's property right. ECF 37 at 16. This claim has no merit as described above in 1).

Next, O'Briens claim 2 allegations in the complaint are false. ECF 37 at 17.

First, they allege it is false that defendants Fath and Moustakis withheld evidence from plaintiff and his counsel. But, as described, this is just an allegation by O'Briens, not supported by any facts of record presented by defendants and so would become a jury question, not one resolved on such a motion as this. There is evidence of this failure to produce. See counsel's declaration.

Secondly, based on a bare allegation in Mr. O'Brien's affidavit, O'Briens claim they got the evidence withheld from plaintiff and his counsel via an open records request. Maybe they did or maybe they didn't. Unlike all the other items in Mr. O'Brien's affidavit, this one is not supported by any records of an open records request. So, again this is a question of fact for a jury. Furthermore, the complaint simply says in ¶15 that defendant Fath "made [the record] available to" defendant O'Brien which is exactly true according to the O'Briens. Furthermore, however O'Brien got the record has nothing to do with whether it was being withheld from Mr. Upchurch and his counsel.

O'Briens claim they never used the record of the interview against Mr. Upchurch. However, O'Briens were the alleged victims of a crime charged against Mr. O'Brien and used excerpts of the interview in their victims statement they prepared for sentencing. See counsel's declaration. Thus, this allegation is not false.

Finally, O'Brien's contend the allegation plaintiff's counsel withdrew after a visit from a deputy and defendant Lucareli is false. They base their claim partly on a statement by the county Victim Witness Coordinator in which she says Mr. Upchurch "claimed" he fired counsel But what happened that night between defense counsel and Mr. Upchurch that night and whether counsel did withdraw in that period is not on any record. Thus, again this issue is one of fact to be decided by a jury.

7) O'Briens claim the complaint is brought for the purpose of harassing them. ECF 37 at 18-20.

4

If the complaint was intended to harass is a question of fact the Court is required to determine objectively. *Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429, 1436 (7th Cir.1997).

However, counsel submits no such inquiry is needed here. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)(holding a defendant cannot be harassed by a nonfrivolous complaint). *Zaldivar* has been cited with approval repeatedly in 7th Circuit cases, including *Brown.* 830 F.2d at 1435, 1436. The Ninth Circuit sitting *en banc* approved this ruling in *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358 1362 (9th Cir.1991) on basic fairness grounds. This rule should apply here. Defendants O'Brien have failed to demonstrate the complaint is frivolous and Mr. Upchurch's sometimes foul mouth does not change that. *Townsend, supra,* at 1436 (rule applies "even when the motives for asserting [the] claims are not entirely pure).

## Conclusion

This case is about a powerful corporation imposing its will on ordinary folks, including Mr. Upchurch, who were simply exercising their legal rights to pursue happiness by enjoying the amenities offered by the resort town in which they live. There are no grounds to sanction the filing of the complaint and if counsel had time to waste he would ask for sanctions against the O'Briens for bringing a baseless motion.

Dated: June 28, 2019    Respectfully submitted,

s/Timothy A. Provis

Attorney for Plaintiff

UPCHURCH