UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

TIMOTHY J. UPCHURCH
1349 East Bass Lake Road
Eagle River, WI 54521,

                                          Plaintiff,

v.                                                        No. 3:19-cv-165-wmc

Atty. TIMOTHY M. O'BRIEN, *et al.*,

                                          Defendants.

---

DECLARATION OF ATTY. TIM PROVIS SUPPORTING OPPOSITION TO

DEFENDANTS O'BRIENS' MOTIONS TO DISMISS AND FOR SANCTIONS

---

I, Timothy A. Provis do hereby declare:

1. I am the attorney retained to represent plaintiff Upchurch in the above entitled and numbered action.

2. I am admitted to practice in all the courts of the states of California and Wisconsin; in the federal district courts for the Northern District of California and for the Eastern and Western Districts of Wisconsin; in the federal circuit courts of appeals for the 7th and 9th circuits and in the U.S. Supreme Court. I have appeared before both the California and Wisconsin Supreme Courts.

3. I have never been sanctioned by any court for any issue involving honesty or professional ethics. In 37 years of law practice, the single incident of court disciplinary action against me was when I was late for an appearance in Solano County Superior Court some 30 years ago because I was delayed by construction on the Benicia Bridge over Suisun Bay. The court fined me $100.

4. Mr. Upchurch and I began an attorney-client relationship approximately August 10, 2018, 6 months before the complaint was filed here. After extensive consultation, we decided I would go forward with a RICO action on his behalf. As it is well known RICO actions are complicated, see, *e.g.*, *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.1993) counsel purchased 2 treatises on the subject, Gregory P.

1

Joseph, CIVIL RICO (5th ed. 2018) and Paul Batista, CIVIL RICO PRACTICE MANUAL (3rd ed.2018), to study before even attempting to draft a complaint. During the 6 months before filing, counsel made his best effort to plug every pleading hole which might arise from the facts of the case, guided by the advice of these treatises. Throughout this process counsel did not spend much time considering Rule 11 and instead was more worried about complying with Rule 8(a)'s requirement for a short and plain statement.

5.

a. Defendants O'brien claim, *inter alia*, the complaint is false because plaintiff Upchurch has no deed in his name so he couldn't legally use the easement alleged in the complaint.

Naturally, counsel investigated this issue and the facts unknown to O'Briens are as follows. The deed under which Mr. Upchurch used the easement is in the name of the Weiland family trust. Mrs, Upchurch is a trustee of that trust and her father, Marvin D. Weiland, is the executor of it. I have spoken with Mr. Weiland and, at an appropriate time, he will sign an affidavit attesting to the fact his daughter and her husband were entitled by the trust to use the easement and all the other rights of a landowner under the trust's deed. Mr. Weiland also told me he once telephoned defendant Moustakis to complain his daughter and her husband were being denied the right to use the easement. Defendant Moustakis hung up on him.

b. I have personally reviewed copies of letters provided to me by my client from his counsel to defendants Fath and Moustakis complaining about their failure to turn over the withheld record of defendant Neff's interview with Mr. Upchurch. I further have read and retain copies of responses to those letters by defendants Fath and Moustakis claiming the requested record did not exist.

c. I personally have reviewed copies of the O'Briens victim statement in a criminal case against plaintiff which quotes from the Neff interview.

6. Therefore, counsel submits his investigation of the facts and law here was reasonable.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 the foregoing is true and correct. Executed this 28th day of June, 2019 at Port Washington, Wisconsin.

*Timothy A. Provis*
_____
Atty. Timothy A. Provis