UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TIMOTHY J. UPCHURCH,

    Plaintiff,

v.

Case No. 3:19-cv-00165

TIMOTHY M. O'BRIEN,
MARGARET M. O'BRIEN,
ALBERT D. MOUSTAKIS,
STEVEN M. LUCARELLI,
SHERIFF JOSEPH FATH,
DEPUTY SHERIFF ERIC NEFF, and
DEPUTY SHERIFF RANDALL SCHNEIDER,

    Defendants.

## DEFENDANTS TIMOTHY M. O'BRIEN AND MARGARET M. O'BRIEN'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, CONTEMPT

NOW COME the Defendants, Timothy M. O'Brien and Margaret M. O'Brien ("O'Brien Defendants), by their undersigned attorneys, and move the Court pursuant to Fed. R. Civ. P. 37(b)(2) for an order sanctioning Plaintiff for his failure to comply with the Court's December 31, 2019 Order and for Plaintiff's continuing failure to respond to discovery requests. This Motion is supported by the Second Affidavit of Lori M. Lubinsky, which is incorporated herein, along with the entire record of this case.

The grounds for this Motion are as follows:

1.    This Motion, like the prior Motion to Compel (Dkt. 62), is necessitated by Plaintiff's continued failure to respond to written discovery and failure to comply with the Court's Order dated December 31, 2019.

2.    On December 31, 2019, the Court entered an order requiring Plaintiff to serve "all responses to the Defendants' discovery responses" by January 14, 2020.

3. Since the Court's December 31 Order, the following events occurred:

    a. On January 11, 2020, Plaintiffs' counsel sent the O'Brien Defendants' counsel an email dated January 11, 2020, in which he indicated that he spent four days the prior week "identifying responses to your requests." He claimed he would be unable to mail anything until Monday (January 12), claiming his "scanner only does 10 sheets at a time so I won't be sending things electronically."

    b. On January 13, 2020, Plaintiff's counsel sent an amendment to Plaintiff's response to the O'Brien Defendants' First Set of Requests to Admit. While the O'Brien Defendants continue to believe Plaintiff's amended response to their Requests to Admit is not accurate, that dispute is not the basis for the present motion.

    c. On January 14, 2020, Plaintiff's counsel served the O'Brien Defendants' counsel with Plaintiff's Responses to Defendant O'Briens' First Set of Interrogatories (hereinafter "Plaintiff's discovery responses"). Plaintiff's discovery responses remaining deficient for the following reasons:

        i. Plaintiff identified only his attorney in response to Interrogatory No. 1. If accurate, Plaintiff himself did not provide any assistance in answering the O'Brien Defendants' discovery, which is a violation of nearly every discovery rule of civil procedure.

        ii. Plaintiff's answer to Interrogatory No. 2 did not, as the Interrogatory requested, identify the "witnesses who [Plaintiff claims] support [his] refusal to admit." Not a single witness is identified in Plaintiff's response.

       iii. Plaintiff's discovery responses are not signed by Plaintiff under oath, as required by Fed. R. Civ. P. 33(b)(3).

       iv. To date, Plaintiff has not responded to the O'Brien Defendants Requests for Production of Documents. (See Dkt. 63-1).

       v. To date, Plaintiff has not produced a single document in this case.

   d. When Plaintiff's counsel served Plaintiff's discovery responses, Plaintiff's counsel represented as follows: "A head's up. Plaintiff's position may be significantly changing shortly such that no discovery will be needed." This email suggests to the O'Brien Defendants that Plaintiff may be contemplating dismissing this case. If that occurs, the Court will still need to decide the defendants' sanctions motions.

   e. In response, the O'Brien Defendants' counsel sent an email dated January 16, 2019, to inquire as to Plaintiff's intent to proceed with the claims in this lawsuit, explaining that Plaintiff's counsel's email dated January 14, 2020, was not clear.

   f. By email dated January 16, 2019, Plaintiff's counsel responded as follows: "When it is clear to me, I'll let you know. In a day or two."

4. Plaintiff's refusal to respond to discovery requests has significantly prejudiced all defendants in this case, including the O'Brien Defendants.

5. This lawsuit was filed on February 28, 2019, nearly eleven (11) months ago, and since the filing of this lawsuit, Plaintiff has done next to nothing to prosecute his case.

6. Plaintiff and Plaintiff's counsel did not dismiss this lawsuit despite sanctions motions that were served on Plaintiff prior to filing such motions with the Court as required by Rule 11. Those motions included all of the information, documents and legal authority Plaintiff

and Plaintiff's counsel would need to review (and should have reviewed before filing this lawsuit) to know that this lawsuit has no basis whatsoever in fact or in law.

7. After the discovery stay imposed by the Court expired and without a ruling from the Court on the motions to dismiss and related sanctions motions, the O'Brien Defendants have timely and diligently initiated written discovery – prior to taking any depositions – to ensure that all necessary information is provided to the defendants prior to depositions being undertaken.

8. Counsel for all parties reserved three days next week, January 28, 29 and 30, 2020, to conduct depositions of all witnesses in northern Wisconsin. In fact, arrangements have been made for a conference room for the deposition inside the Vilas County courthouse.

9. Despite the Court's order dated December 31, 2019, Plaintiff has not properly responded to Interrogatories and has not produced documents in response to the O'Brien Defendants' O'Brien Defendants' Interrogatories and Requests for Production of Documents.

10. Rule 37(b)(2)(a) of the Federal Rules of Civil Procedure provides as follows:

(2) Sanctions Sought in the District Where the Action Is Pending.
(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

4

11. As the Court will recall, motions to dismiss and motions for sanctions are pending with the Court. Quite simply: this is a lawsuit that was frivolous at the start and remains frivolous.

12. However, beyond the sheer lack of any factual or legal basis for the case, Plaintiff and his counsel have refused to follow the rules of civil procedure and this Court's Order.

13. As the Court can see from the emails attached to the previously filed Affidavit of Lori M Lubinsky (Dkt. 63-4), Plaintiff's counsel has represented himself to be an appellate attorney with no clerical support. He also stated as follows: "With a heavy briefing schedule, I do not have time, like one or more of your minions doubtlessly does, to respond to discovery with any degree of promptness." (Dkt. 63-4). This is an exact quote from Plaintiff's counsel's email dated November 29, 2019.

14. What's more, in Plaintiff's counsel's affidavit filed with the Court (Dkt. 65), Plaintiff's counsel represented as follows: "My retainer agreement with plaintiff Upchurch memorializes his understanding that, since I am not a trial attorney, he will replace me if this case does not settle."

15. This case was frivolously filed, has been frivolously maintained, and Plaintiff is abusing the rules of discovery with his counsel's apparent intent not to represent Plaintiff at some time in the future.

WHEREFOR, FOR THE FOREGOING REASONS, the O'Brien Defendants respectfully request the Court enter the following orders:

1. Compelling Plaintiff to promptly provide responses to the O'Brien Defendants' First Set of Interrogatories;

2. Compelling Plaintiff to respond to the O'Brien Defendants Requests for Production of Documents, including production of the requested documents;

3. Awarding the O'Brien Defendants their costs and attorney's fees associated in bringing their previous Motion to Compel and this Motion;

4. Sanctioning Plaintiff and Plaintiff's counsel for the continued discovery abuses; and

5. Dismissing this case with prejudice as a sanction for Plaintiff's discovery abuses or, in the alternative, finding Plaintiff in contempt.

Dated this 17th day of January, 2020.

> *s/ Lori M. Lubinsky*
> Lori M. Lubinsky (State Bar #1027575)
> Attorneys for Defendants Timothy M. O'Brien
>   and Margaret M. O'Brien
> AXLEY BRYNELSON, LLP
> P.O. Box 1767
> Madison, WI 53701-1767
> Telephone: (608) 257-5661
> Email: llubinsky@axley.com

F:\EAFDATA\24547\82195\03221229.DOCX