UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TIMOTHY J. UPCHURCH,

    Plaintiff,

v.

TIMOTHY M. O'BRIEN,
MARGARET M. O'BRIEN,
ALBERT D. MOUSTAKIS,
STEVEN M. LUCARELLI,
SHERIFF JOSEPH FATH,
DEPUTY SHERIFF ERIC NEFF, and
DEPUTY SHERIFF RANDALL SCHNEIDER,

    Defendants.

Case No. 3:19-cv-00165

## AFFIDAVIT OF LORI M. LUBINSKY IN SUPPORT OF DEFENDANTS TIMOTHY M. O'BRIEN AND MARGARET M. O'BRIEN'S MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, CONTEMPT

STATE OF WISCONSIN    )
                          ) ss.
COUNTY OF DANE       )

    LORI M. LUBINSKY, being first duly sworn, on oath deposes states as follows:

    1.    I am an adult resident of the State of Wisconsin.

    2.    I am one of the attorneys representing Defendants Timothy M. O'Brien and Margaret M. O'Brien (collectively "O'Brien Defendants") in the above-captioned matter.

    3.    I make this Affidavit on the basis of my personal knowledge of the facts set forth herein.

    4.    I make this Affidavit in support of Motion to Compel.

    5.    The O'Brien Defendants filed a Motion to Dismiss Plaintiff's Complaint (Dkt. 34), as well as a Rule 11 Motion to Sanctions. (Dkt. 36). All other Defendants also filed motions to

dismiss Plaintiff's Complaint. (See Dkt. 13, 19 and 40). Those Motions are fully briefed and awaiting the Court's decision.

6. The O'Brien Defendants' Motion for Sanctions Or, In The Alternative, Motion for Contempt, like the prior Motion to Compel (Dkt. 62), is necessitated by Plaintiff's continued failure to respond to written discovery and failure to comply with the Court's Order dated December 31, 2019.

7. On December 31, 2019, the Court entered an order requiring Plaintiff to serve "all responses to the Defendants' discovery responses" by January 14, 2020.

8. Since the Court's December 31 Order, the following events occurred:

    a. On January 11, 2020, Plaintiffs' counsel sent the O'Brien Defendants' counsel an email dated January 11, 2020, in which he indicated that he spent four days the prior week "identifying responses to your requests." He claimed he would be unable to mail anything until Monday (January 12), claiming his "scanner only does 10 sheets at a time so I won't be sending things electronically."

    b. On January 13, 2020, Plaintiff's counsel sent an amendment to Plaintiff's response to the O'Brien Defendants' First Set of Requests to Admit. While the O'Brien Defendants continue to believe Plaintiff's amended response to their Requests to Admit is not accurate, that dispute is not the basis for the present motion.

    c. On January 14, 2020, Plaintiff's counsel served the O'Brien Defendants' counsel with Plaintiff's Responses to Defendant O'Briens' First Set of Interrogatories (hereinafter "Plaintiff's discovery responses"). Plaintiff's discovery responses remaining deficient for the following reasons:

      i. Plaintiff identified only his attorney in response to Interrogatory No. 1. If accurate, Plaintiff himself did not provide any assistance in answering the O'Brien Defendants' discovery, which is a violation of nearly every discovery rule of civil procedure.

      ii. Plaintiff's answer to Interrogatory No. 2 did not, as the Interrogatory requested, identify the "witnesses who [Plaintiff claims] support [his] refusal to admit." Not a single witness is identified in Plaintiff's response.

      iii. Plaintiff's discovery responses are not signed by Plaintiff under oath, as required by Fed. R. Civ. P. 33(b)(3).

      iv. To date, Plaintiff has not responded to the O'Brien Defendants Requests for Production of Documents. (See Dkt. 63-1).

      v. To date, Plaintiff has not produced a single document in this case.

d. When Plaintiff's counsel served Plaintiff's discovery responses, Plaintiff's counsel represented as follows: "A head's up. Plaintiff's position may be significantly changing shortly such that no discovery will be needed." This email suggests to the O'Brien Defendants that Plaintiff may be contemplating dismissing this case. If that occurs, the Court will still need to decide the defendants' sanctions motions.

e. In response, the O'Brien Defendants' counsel sent an email dated January 16, 2019, to inquire as to Plaintiff's intent to proceed with the claims in this lawsuit, explaining that Plaintiff's counsel's email dated January 14, 2020, was not clear.

  f. By email dated January 16, 2019, Plaintiff's counsel responded as follows: "When it is clear to me, I'll let you know. In a day or two."

9. Attached as <u>Exhibit 1</u> are copies of emails between counsel January 11, 2020, and January 16, 2020.

10. Plaintiff's refusal to respond to discovery requests has significantly prejudiced all defendants in this case, including the O'Brien Defendants.

11. This lawsuit was filed on February 28, 2019, nearly eleven (11) months ago, and since the filing of this lawsuit, Plaintiff has done next to nothing to prosecute his case.

12. Plaintiff and Plaintiff's counsel did not dismiss this lawsuit despite sanctions motions that were served on Plaintiff prior to filing such motions with the Court as required by Rule 11. Those motions included all of the information, documents and legal authority Plaintiff and Plaintiff's counsel would need to review (and should have reviewed before filing this lawsuit) to know that this lawsuit has no basis whatsoever in fact or in law.

13. After the discovery stay imposed by the Court expired and without a ruling from the Court on the motions to dismiss and related sanctions motions, the O'Brien Defendants have timely and diligently initiated written discovery – prior to taking any depositions – to ensure that all necessary information is provided to the defendants prior to depositions being undertaken.

14. Counsel for all parties reserved three days next week, January 28, 29 and 30, 2020, to conduct depositions of all witnesses in northern Wisconsin. In fact, arrangements have been made for a conference room for the deposition inside the Vilas County courthouse.

15. Despite the Court's order dated December 31, 2019, Plaintiff has not properly responded to Interrogatories and has not produced documents in response to the O'Brien Defendants' O'Brien Defendants' Interrogatories and Requests for Production of Documents.

Dated this 17th day of January, 2020.

                                              *s/ Lori M. Lubinsky*
                                              Lori M. Lubinsky

Subscribed and sworn to before me
this 17th day of January, 2020.

*s/ Amy C. Angell*
Notary Public, State of Wisconsin
My commission expires: 5/29/23

F:\EAFDATA\24547\82195\03221280.DOCX