IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY J. UPCHURCH,
    Plaintiff

v.                                              Case No. 19-C-165-WMC

TIMOTHY M. O'BRIEN et al.,
    Defendants.

## DEFENDANT LUCARELI'S MOTION FOR RULE 11 SANCTIONS

Steven M. Lucareli, by his attorney John M. Loomis, moves the Court for sanctions against Plaintiff Timothy M. Upchurch and his attorney Timothy A. Provis pursuant to Rule 11 of the Federal Rules of Civil Procedure. The reasons for the motion are set forth below.

### SUMMARY OF ARGUMENT

This case, filed on February 28, 2019, should have never seen the light of day. It lingered on until January 23, 2020[1] when Notices to Dismiss were filed against four of the seven defendants. Attorney Provis, apparently was unwilling to file a response or had none to Defendants Timothy M. O'Brien and Margaret M. O'Brien's Motion for Sanctions or in the Alternative, Contempt (Court Doc. # 67). As a result, Provis filed a Notice of Dismissal as to the O'Brien Defendants (Court Doc. # 71) and a separate Notice of Dismissal as to Defendants Moustakis and Lucareli (Court Doc. # 72) shortly after 7:30 p.m. on February 23.[2] Although the sun may have set on the litigation against the O'Briens, Moustakis and Lucareli, Provis's filings should not shield him and his client

---

[1] All dates are 2020 unless otherwise indicated.

[2] Provis's response to the Motion for Sanctions was due on February 24, 2020. Provis must not have had any legitimate response and may have feared the worst regarding the pending motion. Hence his decision to try to avoid the possible consequences should the Court have granted the Motion for Sanctions or in the Alternative for Contempt.

from possible Rule 11 sanctions in this matter. The Court retains its jurisdiction to consider this Motion for Rule 11 Sanctions and that which the O'Briens had filed on May 30, 2019 (Court Doc. # 36). The basis for this motion is that the Complaint was presented for an improper purpose and was not well-grounded in fact and law. Upchurch's verified Complaint which both he and Provis signed should be viewed as part of Upchurch's ongoing campaign of harassment by other means against those who ever questioned or contested his actions and antics. Provis was either Upchurch's ally in the litigation or, at best, Upchurch's unwitting cat's paw. Either way, both Upchurch and Provis signed and filed a baseless Complaint which should not have been filed or should have been voluntarily dismissed soon after it left the blocks, rather than well into its course with the finish line in view. Provis's and Upchurch's Complaint caused the defendants time and treasure and wasted the Court's resources for over eleven months. Rule 11 requires that the Court impose sanctions on both Upchurch and Provis for their bringing this baseless action and keeping it alive as long as they did.

## BACKGROUND

On February 28, 2019 Timothy J. Upchurch ("Upchurch"), by his attorney Timothy A. Provis, ("Provis"), filed a verified Complaint against seven individual defendants, one of whom is Steven M. Lucareli ("Lucareli"). The Complaint alleges a civil cause of action under § 1962(c) of RICO (the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*) The Complaint alleged that sometime between 1985 and 2018 defendant Timothy M. O'Brien operated an "associated-in-fact" criminal enterprise to deny Upchurch "his legal right" to use an easement to access a lake in Vilas County, Wisconsin. The Complaint further alleged that Lucareli and the other named defendants participated in the conduct and operation of the criminal enterprise. Lucareli was and is an attorney at law who is the sole member of Lucareli Law Offices, LLC in Eagle River, Wisconsin.

In 2015 and 2016 Lucareli represented defendants Timothy O'Brien and his wife Margaret in two successful civil actions they had filed against Upchurch in Vilas County circuit court to restrain Upchurch from his harassment against them.[3] The Complaint at ¶ 16 alleges a only single discrete act by Lucareli as part of his alleged participation in the unlawful RICO "enterprise."

After receiving a copy of the Complaint by mail with a request to waive service, Lucareli retained Attorney John M. Loomis ("Loomis") to represent him in his defense of Upchurch's claim against him. On April 2, Loomis sent Provis a Rule 11 "safe-harbor" letter requesting that Provis voluntarily dismiss the claim against Lucareli within 21 days and that if Provis did not do so, Loomis would file a motion to dismiss the claim against Lucareli. Loomis informed Provis that there was no basis in law or fact for the claim against Lucareli; that the Complaint's pleadings were inadequate under Supreme Court precedent; and, that one of the predicate acts upon which Upchurch relied was a legal impossibility. A copy of the Rule 11 letter is attached to the Declaration of John M. Loomis as Exhibit 1 submitted in conjunction with this motion. Having received no response to his April 2 Rule 11 safe-harbor letter, on May 7 Loomis filed a motion to dismiss on Lucareli's behalf. Other defendants also filed motions to dismiss the Complaint. Provis responded on behalf of Upchurch to each motion to dismiss.

During the pendency of the Motions to Dismiss and during discovery which Provis effectively ignored or evaded, Provis found himself on the eve of having to file a response to the Motion for Sanctions or, in the Alternative, for Contempt that had been filed by the O'Briens.[4] Provis filed his

---

[3] A condensed history of Upchurch's harassment of the O'Briens is recounted at the O'Briens Brief in Support of their Motion for Rule 11 sanctions (Court Doc. #37) and supporting materials (Court Docs. # 38 and 39). Defendant Lucareli incorporates by reference Court Docs. # 36-38 in support of his Motion for Rule 11 sanctions herein. The anti-harassment petitions were filed by the O'Briens pro se. Only later did Lucareli enter an appearance for them and represent them in the proceedings in the Circuit Court for Vilas County.

[4] Provis's response to the O'Brien Motion for Sanctions, or in the Alternative, Contempt (Court Doc. #67) was due on January 24.

Notices of Dismissal as to the O'Briens, Moustakis and Lucareli after 7:30 p.m. on the evening of January 23. Ordinarily the filing of the Notices of Dismissal would end the litigation under Rule 41(a)(1)(A), at least as to some defendants (the O'Briens, Lucareli and Moustakis) because none of them had filed an answer or had filed a motion for summary judgment before Provis filed his Notices of Dismissal. On the other hand, it appears that Provis's Notices of Dismissal did not affect Defendants Fath, Neff and Schneider because their counsel had filed an answer when their Motion to Dismiss was filed. It appears that if Provis wants to have the claims against them dismissed he will have to file a motion to dismiss or get them to sign a stipulation to that effect.

## LEGAL STANDARD

Rule 11 has two prongs: first that a pleading, written motion, or other paper may not be presented for any improper purpose and second, that any pleading, motion, or other paper be well-grounded in fact and law. Rule 11 bars the filing of papers presented for "any" improper purpose. Rule 11 does not require that the improper purpose outweigh the presenter's proper purpose of vindicating rights in court. Rule 11(b)(1). Rule 11 requires that an attorney certify that his "factual contentions have a legally sufficient basis[.]" See *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A frivolous contention, including one "that is baseless and made without a reasonable and competent inquiry," is subject to Rule 11 sanctions. *Id.* (internal citation omitted). Rule 11(a)(1) is violated if a claim is presented for any improper purpose such as to harass another person or party. In the appropriate situation, a court may sanction any attorney or party who violated the rule or is responsible for the violation of Rule 11.

Rule 11(b)(2) requires that the moving party give notice to the non-moving party describing the challenged conduct and providing the non-moving party with twenty-one days to correct the conduct before filing a motion for sanctions with the court. "This 21-day window gives the offending party a 'safe-harbor' within which to withdraw or correct the offending pleading." See

*Matrix IV, Inc., v. Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011).  In the Seventh Circuit, a letter informing the opposing party of the intent to seek sanctions and the basis for the sanctions sought is sufficient to satisfy the Rule 11(b)(2) notice requirement. *Id.* at 552-53. *See also Nisenbaum v. Milwaukee County*, 333 F.3d 808, 808 (7th Cir. 2003).   After the twenty-one-day notice period, the motion for sanctions must be filed separately from any other motion.  See Rule 11(c)(1).

Pursuant to Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Sanctions may include nonmonetary directives, a penalty paid to the court, and/or reasonable attorney's fees directly resulting from the violation. Rule 11(c)(4). "The decision to impose sanctions is left to the discretion of the trial court in light of the available evidence." *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999). "To win on a motion for sanctions, the movant must satisfy the high burden of showing that Rule 11 sanctions are warranted." *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015) (citations and internal quotation marks omitted). Lucareli had argued that Upchurch's pleadings were legally and factually deficient, thus the question of whether there has been a Rule 11 violation generally is decided when the litigation is completed. 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE CIV. § 1337.1. The filing of the Notice of Dismissal as to Lucareli (Court Doc. # 72) ended the litigation against him. With the filing of the Notice of Dismissal against Lucareli, the litigation was completed but the question of whether Rule 11 has been violated remains. The fact that Upchurch has dismissed his claims against Lucareli does not make him  immune from the imposition of Rule 11 sanctions.

Sanctions are warranted against a party who has asserted a claim with clear jurisdictional defects or for the purpose of harassment. Assertion of a claim with a clear, insurmountable procedural or

jurisdictional defect has been held to be sanctionable conduct. See, *Bethesda Lutheran Horms and Servs., Inc. v. Born*, 238 F.3d 853, 858 (7th Cir. 2001). Where a plaintiff lacks standing sanctions may be warranted. *Searcy v. Houston Lighting *& Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990).[5]

### ARGUMENT

**A. The Court Retains Jurisdiction to entertain a Motion for Rule 11 Sanctions Even After a Plaintiff has filed a Notice of Dismissal**

Even though a plaintiff has filed a dismissal pursuant to Rule 41(a)(1)(i) a federal district court retains jurisdiction to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure. The general consequence of the filing of a Notice of Dismissal where a defendant has not answered or filed a motion for summary judgment is that the suit is immediately dismissed, and it is as though the case had never been filed. *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995). On the other hand, and importantly here, a district court retains jurisdiction to consider collateral issues after an action is no longer pending. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).[6] Thus, after a dismissal under Rule 41(a)(1)(A)(i), a court may still impose sanctions under Rule 11. The Supreme Court noted that Rule 11 and Rule 41 share the goal of curbing abuses of the judicial system. Allowing a plaintiff to avoid Rule 11 sanctions by taking a dismissal would eliminate the incentive for litigants to investigate carefully before filing papers. *Cooter & Gell*, 496 U.S. at 397–98. The Court therefore concluded that a plaintiff's voluntary dismissal under Rule 41(a)(1) did not divest a district court of jurisdiction to consider a defendant's Rule 11 motion. 496 U.S. at 398.

---

[5] Lucareli had argued that Upchurch lacked standing to file the Complaint. See Court Doc. # 20 at page 5 *et seq*.

[6] *Cooter & Gell*'s holding mirrors the Seventh Circuit's earlier holding that district courts could award fees under Rule 11 or issue sanctions for contempt of court even if the plaintiff had voluntarily dismissed the suit. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077-79 (7th Cir. 1987).

Provis and Upchurch should not be allowed to avoid the consequences of their filing of a complaint having neither a legal nor a factual basis. Nor should they be allowed to avoid the consequences of Provis's failure to investigate the facts or Provis's disregard of facts known to and in Upchurch's possession before signing the pleadings in this matter and dragging the defendants through almost a year of meaningless litigation where Provis had no intention of seeing the case to a conclusion.

**B. Lucareli has Followed the Proper Procedures to Seek Rule 11 Sanctions**

While awaiting a ruling from the Court on the motions to dismiss, Lucareli refrained from filing the instant motion for Rule 11 sanctions. By so waiting, Lucareli followed the standard and preferred procedure for the bringing of requests for Rule 11 sanctions before a district court. Lucareli had provided Provis and Upchurch with notice that the Complaint violated Rule 11 in the manner allowed by the Seventh Circuit and requested that Provis, on his client's behalf, remedy the violation by dismissing the claim against Lucareli or, failing that, Loomis would file a Motion to Dismiss on Lucareli's behalf. Loomis Decl., ¶ 4, Ex. A. See *Matrix IV, Inc.*, 649 F.3d at 552 (holding that a letter satisfies Rule 11's notice requirement); *Nisenbaum v. Milwaukee County*, 333 F.3d at 808 (same). Lucareli gave Plaintiff more than twenty-one days to remedy the violation, which Plaintiff failed to do. See Loomis Decl., ¶ 5. Although the claim against Lucareli has been dismissed with prejudice at this late date but before the Court has ruled on the motions to dismiss, Lucareli now files the instant motion for Rule 11 sanctions. Rule 11(c)(2). Lucareli has followed in all respects the procedures for seeking sanctions set forth in Rule11 applicable to motions filed in this circuit.

### C. Provis's Notice of Dismissal Does not Diminish the Reasons for the Court to Impose Rule 11 Sanctions

Before the Court ruled on the Motions to Dismiss and on the eve of the deadline for him to respond to the O'Briens' Motion for Sanctions or, in the Alternative for Contempt, concerning Provis's non-compliance with the Court's order of December 31, 2019, Provis filed his Notices of Dismissal. For the reasons set forth below, Provis's tactic should not relieve him and Upchurch of responsibility or liability for bringing a baseless Complaint filed for an improper purpose.

### D. Upchurch's Baseless Complaint was not Well-Grounded in Fact or Law

The second prong upon which a Rule 11 sanction must be granted is that the pleading must lack grounding in fact and law. Lucareli and the other defendants have briefed and fully argued the baselessness of the Complaint. Lucareli believes that reasons advanced by the defendants for dismissal were likely to be recognized by the Court and the motions for dismissal granted. Upchurch had no viable RICO cause of action and no viable claim against Lucareli. Counsel for Lucareli sent a letter to Upchurch's lawyer, Provis, pursuant to Rule 11 informing him of the impropriety of the lawsuit and his failure to plead a viable RICO action. The letter informed Provis that if he did not voluntarily dismiss the claims against Lucareli within 21 days, Lucareli would file a motion to dismiss and seek Rule 11 sanctions if the Court were to grant the motion. Even though the Court never ruled on the motions to dismiss, the Court should address the facts and arguments advanced in the motions to dismiss when considering this Motion for Rule 11 Sanctions because Provis and his client have wasted not only the time and treasure of the defendants in defending this action and also wasted the time of the Court in considering the case before it. If, as Lucareli believes, the Court realized the Complaint was baseless, then Upchurch and Provis should be sanctioned under Rule 11

and ordered to reimburse Lucareli for his attorney's fees and costs in having to defend this matter and file his Motion to Dismiss.[7]

### E. The Court Should Impose Sanctions in Light of the Available Evidence

To prevail on a motion for sanctions, the movant must satisfy the "high burden of showing that Rule 11 sanctions are warranted." *Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir.1988). Lucareli has met that high burden. Here Upchurch merely strung together a list of defendants and labeled them as participants in a criminal enterprise purportedly created by the O'Briens. The "participants" in the enterprise included two officers of the court, Lucareli (the O'Briens's attorney) and Albert Moustakis (the district attorney for Vilas County during the relevant time period). The Complaint's other named "participants" were three public servants (a sheriff and two deputies) none of whom has even a tangential relationship with the O'Briens. The only person who had a direct relationship with the O'Briens was Lucareli who was retained by them to represent them to seek civil remedies against Upchurch's harassment of them. Upchurch's weaving together a string of defendants who were involved in performance of their official duties or in successful litigation against him was legally deficient to state a RICO claim. *E.g., Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 539 (S.D.N.Y.2001)).

Upchurch's RICO claim against Lucareli was particularly devoid of any plausible merit. The Complaint alleged that Lucareli was counsel for the O'Briens and that he met with Upchurch's counsel at the time in May 2016. There is no other allegation concerning Lucareli's role as a "participant in" the alleged criminal enterprise.

---

[7] Lucareli believes that the other defendants should also be awarded their attorney's fees as Rule 11 sanctions and believes that the Court may wish to issue an order to show cause to Provis and Upchurch why the Court itself should not impose additional sanctions such as the payment to the Court as a penalty for the time the Court spent in considering their baseless Complaint and Upchurch's responses to the motions to dismiss.

1. The Complaint was Filed for an Improper Purpose

The Complaint in this case must be viewed as Upchurch's continued harassment of the O'Briens, their lawyer and local law enforcement by other means. Upchurch's harassment (which he ultimately did not contest) is well documented in Court Doc. # 37. The Court should evaluate the improper purpose of Upchurch's Complaint by considering the facts of the case, the reasonableness of the pleadings and the circumstances in which the case was filed. The standard for determining Upchurch's purpose and whether he filed the Complaint to harass the defendants is an objective one. *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385, 393 (7th Cir. 1988). Upchurch's history of demonstrated harassment, the deficiency of the pleadings and the failure to show standing and the stringing together of otherwise unconnected defendants to weave a fabric of baseless allegations of a RICO enterprise should lead this Court to infer an improper purpose and intent to harass on the part of Upchurch and his attorney.

The Complaint alleges that an "association in fact" enterprise existed and that the enterprise violated § 1962(c) of RICO. The Complaint alleges a single predicate act by Lucareli. Paragraph 16 of the Complaint alleges, "In May 2016, defendants Schneider and Lucareli visited the home of plaintiff's counsel. Again, defendants claimed there are no official records of this visit. Plaintiff's counsel withdrew from his case the next day." This claim is not enough to support a claim that Lucareli "participated in" the criminal enterprise that Provis claimed existed in fact. If Provis had conducted adequate research he would have read cases that have dismissed a § 1962(c) RICO claim asserted against professional service providers that failed to allege or demonstrate that the service provider "participated in" the operation or management of the RICO enterprise unless it can be shown that the provider played some part in the direction of the enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993). For example, the Second Circuit dismissed a RICO claim against attorneys on the ground that the provision of legal services related to fraudulent real estate

transaction was not management of the RICO enterprise. *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521-22 (2d Cir. 1994). Later the district court in New York observed, "The provision of professional services by outsiders, such as accountants, to a racketeering enterprise, is insufficient to satisfy the participation requirement of RICO, since participation requires some part in directing the affairs of the enterprise itself." *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248, 254 (S.D.N.Y. 1997). As stated in *Feirstein v. Nanbar Realty Corp.*, 963 F. Supp. 254, 258 (S.D.N.Y. 1997), "It is well established that professional services by outsiders is insufficient to satisfy the participation element of RICO." As the same court stated in 2007, "Regardless of how indispensable or essential such services may have been, rendering a professional service by itself does not qualify as participation in a RICO enterprise." *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 431 (S.D.N.Y. 2007). Provis never alleged that Lucareli, as a service provider, (or the various public servants named as defendants) directed the affairs of the enterprise only that they participated in the conduct and operation of the enterprise (see ¶ 18 of the Complaint). That allegation was not enough to state a claim against Lucareli and the public servants named in the Complaint. The allegations raised in ¶ 16 of the Complaint were simply too thin a reed on which to support a claim of RICO liability on the part of a service provider like Attorney Lucareli who represented the O'Briens in their successful claims for injunctions against the ongoing harassment by Upchurch in 2015.

Upchurch has a proclivity to denigrate and harass anyone who challenges his actions. See the O'Briens Brief in Support of Motion for Sanctions, Court Doc. # 37 at pages 2-9. The facts described in that Brief and in the supporting materials show that a purpose for the filing of the Complaint was the continued harassment of those who had resisted or investigated or attempted to rein in Upchurch's anti-social and illegal harassment. The documentation shows the animus that Upchurch bore toward the O'Briens and Lucareli and that that animus was transformed into actions that had to be curtailed by the action of the circuit court for Vilas County.

Upchurch's Complaint was motivated by his animus toward the defendants for their role in responding to his behavior toward the O'Briens over his imagined easement across the O'Briens' property. Lucareli will only focus on the animus Upchurch bore toward him as a motivating factor for the RICO claim Provis filed for him against the defendants. The main source of the evidence concerning Upchurch's animus is found in the materials in his own writings to various defendants. Upchurch sent Lucareli a handwritten note that castigated him and Tim O'Brien in May 2014. The note stated in part:

> Hey Steve
> The approach you and your client are taking involving the Everett easements are both feeble and a feint/feign. Its time to man up, face the facts, and deal with the real issues. You are both cowardly little bitches and a disgrace to all of humanity!
> I hope this letter dosen't frighten you. Feelings of fear + paranoia are normal when dealing with the pathological mind.
> Sincerely,
> Guess who?
>
> RECEIVED 5/1/14 BY MAIL @ STEVE LUCARELI

Upchurch later sent Lucareli a handwritten fax in which Upchurch called Lucareli "the Puppetmaster," meaning that he thought Lucareli was the one pulling all the strings in Vilas County and closed by calling Lucareli an "asshole" after generally excoriating Lucareli for his representation of the O'Briens. See Court Doc # 39-4.

Before filing the Complaint in this matter, Upchurch twice filed grievances with the Wisconsin Supreme Court's Office of Lawyer Regulation against Lucareli. See Loomis Declaration at ¶ 6 and Exhibit 2. An example of the animus Upchurch bore toward both Lucareli and former DA Moustakis was his note to the OLR

> I can only assume that this is not the 1st time you have heard of Steve Lucareli, and Al Moustakis. These individuals are an absolute menace to our society. If it is the duty of your office to uphold the high standards of legal professionals, then I hope these individuals are dealt with accordingly.

Upchurch continued to demonstrate his animus toward both Lucareli and Moustakis in his communications with OLR by asserting that both are disturbed and should be prosecuted and sent to prison. See Upchurch's correspondence received by the OLR on January 17, 2017. Loomis Declaration at ¶ 11 and Exhibit 7.

Having been completely unsuccessful before the OLR, Upchurch next filed the Complaint here. The Court should infer from Upchurch's demonstrated animus toward Lucareli in 2016 and from Upchurch's wholly unsuccessful submissions to the OLR that his purpose in filing the Complaint here was improper, that is, it was part of his ongoing campaign of harassment or revenge against anyone who had the temerity to resist his actions.

  2. Provis Bears Responsibility for the Rule 11 Violations

Provis is not insulated from Sanctions because of his role as Upchurch's attorney. Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, (1991); *CUNA Mut. Ins. Soc. v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). *See also*, *Katzman v. Victoria's Secret Catalog*, 167

F.R.D. 649, 660 (S.D.N.Y. 1996) (sanctions are especially appropriate for bringing frivolous RICO claims, given the stigmatizing effect on named defendants), *aff'd mem.,*, 113 F.3d 1229 (2d Cir. 1997).

As previously noted, on April 2, 2019 Lucareli put Provis and his client Upchurch on notice that the verified Complaint was inadequate under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschroft v. Iqbal*, 556 U.S. 662 (2009) to plead a viable RICO complaint. As argued to the Court, those two cases marked the official end of the liberal standard of "notice pleading" found in *Conley v. Gibson*, 355 U.S. 41 (1957), and ushered in the era of "plausibility pleading" which Provis's Complaint failed to meet. Provis made no attempt to address, let alone distinguish, in any of his pleadings opposing the various motions to dismiss the requirement that his pleadings conform to *Iqbal* and *Twombly*. Lucareli had argued, as did other defendants, that Upchurch lacked standing to bring the action asserting that he had suffered no RICO injury under *Evans v. City of Chicago*, 434 F.3d. 916 (7th Cir. 2006).

Provis cannot escape responsibility for aiding through the filing of a lawsuit on his behalf Upchurch's harassment of the defendants through litigation. Provis either turned a blind eye to the facts of Upchurch's previous harassment of the O'Briens or became a tool by whichUpchurch could achieve his objective of continuing to harass the defendants through means other than what he had used in the past. In *Cooter & Gell* the Supreme Court noted that "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and `not interposed for any improper purpose.'" 496 U.S. 384, 393 (1990). Provis should have known better than to parrot whatever Upchurch may have told him and should have known he had to plead facts that could plausibly be viewed as stating a claim under RICO. Provis cannot escape sanctions by asserting that he was just a zealous advocate acting at Upchurch's behest. Where a claim is patently frivolous and

the situation indicates that the filing party has a motive to harass, such as retaliation, courts have inferred an intent to harass. *Chaudry v. Gallerizzo*, 174 F.3d 394, 410-11 (4th Cir. 1999).

Either Provis knew of the facts surrounding Upchurch's prior harassment and his animus toward the O'Briens, Lucareli, Moustakis and the public officials or he ignored those facts. There is evidence that Provis may not have made the minimal factual inquiry necessary under Rule 11 before signing and filing the Complaint. Nowhere in his declaration submitted in Opposition to the O'Briens' Motion to Dismiss and for Sanctions, does Provis state when he reviewed documents related to his client's claims or possible defenses. There is no statement in the declaration that he reviewed any documents referred to in the declaration before he filed the Complaint. See Court Doc. # 49, ¶ 5. The only statement regarding the timing and scope of Provis's pre-complaint investigation of the facts is that he consulted extensively with Upchurch sometime after August 10, 2018 when he first spoke with Upchurch and that after the "extensive consultation" Provis decided to go forward with the RICO action on Upchurch's behalf. See Court Doc. # 49 at ¶ 4.

That Provis did not review documents before filing the Complaint and did not intend to prosecute the case is also corroborated by his following statement in his declaration filed with the Court in response to the O'Briens' Motion to Compel. There Provis stated, "My retainer agreement with plaintiff Upchurch memorializes his understanding that, since I am not a trial attorney, he will replace me if this case does not settle." Court Doc. # 65, ¶ 5. Also, in the same declaration, Provis laments that neither he nor his client,

> have any desire to withhold anything from defendant. The problem is simply [Provis] has no clerical support and the O'Briens' discovery requests require an examination of hundreds of pages of documents in [Provis's] possession." Court Doc. # 65, ¶ 9.

Absent from the declaration is any indication when the documents came into Provis's possession and whether he had ever reviewed any documents whatsoever before the filing of the Complaint.

Further evidence that Provis had not reviewed any documents before filing the Complaint is found in an email he had sent to Attorney Lubinsky on Saturday January 11, 2020. See Court Doc. 68-1, page 1:

> Dear Counsel,
>
> Plaintiff and I spent four days together this past week identifying responses to your requests. This weekend I am putting the responses in the right form. I will be unable to get anything in the mail to you until Monday. (My scanner only does 10 sheets at a time so I won't be sending things electronically.) I will likely be continuing to send mail much of next week.

A fair inference is that this is the first time Provis had reviewed any documents with his client concerning the claims or defenses in this litigation especially when he followed that email a few days later with a cryptic one to all defense counsel:

> From: Tim Provis <appealexpert@gmail.com>
> Sent: Tuesday, January 14, 2020 10:53 PM
> To: Lori M. Lubinsky; John M. Loomis; Andrew P. Smith; Rice, David C.
> Subject: Attached responses to Interrogatories
> Attachments: Plaintiff Upchurch's Responses to Defendants' O'Briens First Set of Interrogatories 1 14 20.pdf
>
> Dear Counsel,
>
> Please see attached.
> A heads up to all. Plaintiff's position may be significantly changing shortly such that no discovery will be needed.
>
> Mailing documents.
>
> Yours Sincerely,
> Tim Provis
> Appellate Counsel
> Cal. Bar No. 104800
> Wis. Bar No. 1020123
> www.dealsonappeals.com
> Member: U.S. Supreme Court Bar
> voice: (414) 339-4458
> fax: (262) 284-8875

If Provis knew the facts and had reviewed documents about the claims and defenses before filing the suit, then any certification that the claims were grounded in fact and law is belied. If Provis did not know the facts and had not reviewed the documents, then he did not fulfill his obligation to make a reasonable inquiry that the Complaint was not being filed to harass and that the factual

contentions have evidentiary support or would likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Either way, Provis violated Rule 11's strictures.

## CONCLUSION

Defendant Steven M. Lucareli, by his attorney John M. Loomis, requests that the Court exercise its informed discretion and enter an order of sanctions against Plaintiff Timothy Upchurch and Timothy Provis, jointly and severally, directing them to pay Lucareli's reasonable attorney's fees and expenses in defending this matter and briefing this Motion. The Court may wish to order Provis and Upchurch to show cause why it should not impose an appropriate deterrent penalty on them, including the payment to the Court itself in order to deter their conduct from occurring in the future. Finally, the Court should consider entering an order awarding Lucareli such additional relief as this Court deems just to which Lucareli is otherwise entitled as a matter of law.

Respectfully submitted January 27, 2020

s/ John M. Loomis
John M. Loomis
Wis. Bar. No. 1014890
P.O. Box 1802
Eagle River, WI 54521-1802
(888) 963-8977
(888) 888-238-0238 (Fax)
jmloomis@jmloomislaw.com
