IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY UPCHURCH,

                Plaintiff,

v.                                                         3:19-cv-165-wmc

TIMOTHY O'BRIEN, *et al.*,

                Defendants.

## COUNSEL'S OBJECTION TO SANCTIONS

To: Court and Counsel

    By order filed August 16, 2021 (Dkt. 82), the Court ordered undersigned counsel and plaintiff Upchurch to pay monetary sanctions to two of the defendants. (Dkt. 82 at 24). Those defendants have presented their claims to the Court pursuant to its order.

    Discussion

    First of all, it is settled a Rule 11 sanction "is a tool that must be used with the utmost care and caution." *FDIC v. Tefken Construction and Installation, Co., Inc.*, 847 F.2d 440, 444 (7th Cir.1988), 11 Fed. R. Serv. 3d 671. Courts "may not impugn [counsel's] reputation without carefully analyzing the factual and legal sufficiency of the arguments." *Id.* Although the Court's order seem facially cognizant of this basic rule, counsel nevertheless objects to these sanctions as follows.

    In *Borowski v. DuPuy, Inc.*, 850 F.2d 297, 305 (2d ¶)(7th Cir.1988), 11 Fed. R. Serv. 3d 823, the court succinctly summarized the reasoning for deciding how to apportion sanctions between the attorney and the client. Clearly, this basic rule is grounded in fairness, *i.e.*, the person whose conduct is most responsible for the sanctions bears the greater part of the sanctions. Here, counsel objects to any sanctions imposed on Mr. Upchurch because he is not responsible for any misconduct and the Court's factual findings to the contrary are erroneous. These findings are based only on papers instead of on testimony so counsel insists on a hearing before imposition of any sanctions. See generally, *USA v. 1948 South Martin Luther King Drive, Springfield, Ill., et.al.*, 270 F.3d 1102, 1115-1116 & n.14 (7th Cir.2001)( expressing strong preference for hearings in sanctions cases and ordering one there). Counsel submits this is nothing more than basic fairness.

1

Counsel also objects to the manner of determination of the sanctions in general. If sanctions are going to be determined based on attorney's fees, there should be some rules guiding this determination. Counsel's research discloses no cases guiding this decision. Counsel submits here, where over $30,000 of attorney fees are demanded, the Court should use the lodestar formula to determine the proper amount. See *Cook v. Neidert*, 142 F.3d 1004, 1010 (7th Cir.1998) ("the choice between the lodestar and the percentage of fund methods is neither a question of law or of fact; rather, a district judge has discretion to use either method, depending on the particular circumstance of the case."

Dated: September 22, 2021                     Respectfully submitted,

*Timothy A. Provis*

Attorney Timothy A. Provis

Wis. Bar No. 1020123


I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, the foregoing is true and correct. Executed this twenty-second day of September, 2021 at Port Washington, Wisconsin.

*Timothy A. Provis*