IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY UPCHURCH,

                Plaintiff,              OPINION AND ORDER

    v.

                                          19-cv-165-wmc

TIMOTHY O'BRIEN,
MARGARET O'BRIEN,
ALBERT MOUSTAKIS,
STEVEN LUCARELI,
SHERIFF JOSEPH FATH,
DEPUTY SHERIFF ERIC NEFF, and
DEPUTY SHERIFF RANDALL SCHNEIDER

                Defendant.

---

On August 16, 2021, the court granted defendants Timothy O'Brien, Margaret O'Brien, and Stevel Lucareli's motions for sanctions. (Dkt. #82.) The court then ordered the parties to submit their costs, allowing plaintiff and his counsel to respond. For the reasons given below, the costs are reasonable and are granted to the defendants.

OPINION

The court granted sanctions as follows: Timothy Upchurch and his counsel, Attorney Timothy Provis, are jointly and severally liable for expenses arising out of their violation of the court's discovery order under Rule 37. (Order (dkt. #82) 23.) Timothy O'Brien and Margaret O'Brien submitted documentation of those expenses, which came out to $1,411.00. (Motion (dkt. #84) 1.) The court also granted the O'Brien defendants and Steven Lucareli reasonable expenses incurred while defending against this lawsuit under Rule 11. (Order (dkt. #82) 23.) Those fees and costs came out to $30,552.21 for

the O'Briens and $11,520.00 for Lucareli.  (Motion (dkt. #84) 1.); (Loomis Dec. (dkt. #86) 1.)  Finally, Attorney Provis was ordered to disgorge to the Clerk of Court all amounts paid for his work in this lawsuit.  (Order (dkt. #82) 24.)  Attorney Provis has stated that he was paid a $10,000 retainer for his services, though his client is now suing for a return of $4,000 from that fee.

Both plaintiff Upchurch and his attorney submitted letters to the court as their objections to the amount of fees requested; however, neither gives persuasive reasoning for a reduction in those awards.  Most of Upchurch's objections are merely attempts at relitigating the merits of the case or assuring the court that he brought his claims in good faith.  At this stage, these arguments can be put aside, since the court has already heard arguments and found that sanctions are proper.  The only question still before the court is the proper calculation of fees and costs.

Plaintiff Upchurch's main argument for reducing fees is that he does not have the funds to pay the amount defendants are requesting.  (Upchurch Resp. (dkt. #88) 1-2.)  While ability to pay is a factor the court may take into consideration in imposing sanctions, Upchurch has not provided any actual evidence of his financial situation.  *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 988 (Fed. Cir. 2000).  Additionally, defendants have noted that Upchurch likely has assets beyond those mentioned in his letter, as he accounts neither for other, pending lawsuits for which he is the plaintiff nor for his wife's assets, including the trust that paid for the property involved in this case.  (Lucareli Rep. (dkt. #90) 2.)

Upchurch also claims that the amount requested exceeds that necessary to deter future, improper behavior. (Upchurch Resp. (dkt. #88) 1.) Given Upchurch's sustained campaign of harassment against the defendants, including profane letters and meritless lawsuits (and even a state court conviction for his theft of the O'Briens' property before this case even began), the court finds *no* merit in this argument. Specifically, in granting sanctions, the court noted that "defendants have produced evidence regarding Upchurch's longstanding campaign of harassment against the O'Briens and others, most of which plaintiff does not even attempt to dispute." (Order (dkt. #82) 19.) Upchurch's bald assertions are simply not enough to convince the court to lower its sanction award. If Upchurch wanted to avoid financial losses, he would have been better served by not pursuing a frivolous lawsuit in the first place.

Attorney Provis also fails to object to the fees sought with only particularity. Instead, he simply asserts that "where over $30,000 of attorney fees are demanded, the Court should use the lodestar formula to determine the proper amount." (Provis Aff. (dkt. #89) 2.) Of course, that is precisely what the court ordered, since the lodestar formula is simply a calculation of the number of hours an attorney worked multiplied by a reasonable hourly rate. *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009). Here, Provis neither contends that the hourly rates were unreasonable nor that any of the hours billed were unnecessary, which are the two, principal avenues for him to object to the actual sanction amount under the loadstar formula.

In particular, the O'Briens' law firm charged between $275 and $300 per hour for 110.50 hours of work. (Lubinsky Aff. (dkt #85-1) 1-16.) Lucareli's counsel charged $300

3

per hour for 38.4 hours of work.  (Loomis Dec. (dkt. #86) 1.)  Absent any actual objection to the hours recorded or the hourly rates charged, the court finds that both are reasonable.  Given that Upchurch and Provis neither truly disputed any particular aspect of defendants' calculations nor provided a compelling reason to reduce the sanction amount, therefore, the court will award Timothy O'Brien and Margaret O'Brien $30,552.21 under Rule 11 and $1,411.00 under Rule 37.  Similarly, Steven Lucareli will be awarded $11,520.00 under Rule 11.

Unrelated to the fee calculation, Provis "objects to any sanctions imposed on Mr. Upchurch because he is not responsible for any misconduct and the Court's factual findings to the contrary are erroneous."  (Provis Aff. (dkt. #89) 1.)  In particular, he cites *United States v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102 (7th Cir. 2001) in favor of, at minimum, holding a hearing on the issue.  However, that case is inapposite.  In *Martin Luther King Dr.*, the Seventh Circuit found that the district court erred in leveling sanctions without "direct[ing] an offending party or attorney to show cause why he should not be sanctioned," as well as proving no reasoning in support of imposing them.  *Id*. at 1115.  Here, the parties already had the opportunity to brief the issue of whether sanctions were appropriate.  Moreover, the court addressed these arguments in explaining its reasons for finding sanctions warranted.  Finally, holding a hearing at this point simply to determine whether Upchurch should bear equal responsibility for the sanctions would be pointless, since the court has already provided ample grounds for deciding that he must and should.  As such, Provis and Upchurch are properly jointly and severally liable for the sanction awards to the O'Briens and Lucareli.

Regarding the disgorgement of his fee, Provis failed to pay the money to the Clerk of Court, asking instead that he be allowed to repay Upchurch first, as the two are currently involved in a small claims dispute over rights to $4,000 left over from his retainer. (Provis Letter (dkt. #87) 1.) Given that Upchurch's personal vendetta appears to be the main motivation for this lawsuit, however, the court is also not moved by this argument. To the contrary, the entire record documents why Upchurch's repayment should get *no* special consideration. The court is unwilling to wait for Upchurch to be repaid, given that Attorney Provis himself "either knew or should have known of Upchurch's improper motives as much of the harassing behavior is documented in the public record and would have been revealed had Provis undertaken a reasonable investigation into Upchurch's suspect claims." (Order (dkt. #82) 20.) Provis' penalty for his improper behavior is that he must disgorge his fee to the court, his potential debt to Upchurch notwithstanding. Of course, if Upchurch has *already* recovered some or all of the fee, Provis need not pay twice. Instead, the $10,000 amount may be reduced by any amount actually paid to Upchurch as of July 25, 2022. As such, Attorney Provis is ordered to deposit $10,000, representing his retainer for this case, with the Clerk of Court, less any amount already paid back to Upchurch through litigation or otherwise.

ORDER

IT IS ORDERED that:

1) Defendants Timothy O'Brien and Margaret O'Brien are awarded $30,552.21 under Rule 11, for which Timothy Upchurch and Timothy Provis are jointly and severally liable,

2) Steven Lucareli is awarded $11,520.00 under Rule 11, for which Timothy Upchurch and Timothy Provis are jointly and severally liable,

3) Timothy O'Brien and Margaret O'Brien are awarded $1,411.00 under Rule 37, for which Timothy Upchurch and Timothy Provis are jointly and severally liable,

4) Attorney Timothy Provis is ordered to pay $10,000 to the Clerk of Court, less any amount already repaid to Upchurch, representing the disgorgement of his payment for services rendered.

Entered this 25th day of July, 2022.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge